MILTON RUTHERFORD *v.* COMMONWEALTH.

**Criminal Law—Indictment Joining Separate Offenses.**
 An indictment charging two separate and distinct offenses is insufficient.

**Proof and Instructions.**
 Where an indictment charges that the accused wilfully and maliciously shot and wounded, with a deadly pistol, two persons named, with intent to kill them, the charge is that one shot had wounded both parties, and the state should be required to prove the charge as made, and an instruction that if the jury find that the accused shot and wounded either of said parties they should find him guilty, is erroneous.

APPEAL FROM SCOTT CIRCUIT COURT.

October 6, 1876.

OPINION BY JUDGE LINDSAY:

The indictment charges that Milton Rutherford "wilfully and maliciously shot and wounded John Flourney and John Cummings with a deadly pistol with intent to kill them." The plain inference from the language used is that but one shot was fired, and that it wounded both Flourney and Cummings. If two shots were fired, one wounding Flourney and the other Cummings, then the indictment improperly joins two separate and distinct offenses.

The proof presented by the record tends to show that the two

parties named were wounded by different shots. Waiving the objections raised as to the form of the instruction given for the commonwealth, we will consider only that portion which we think contains a fatal error.

The jury were told that in certain contingencies they should find the defendant guilty of malicious shooting and wounding, or of shooting and wounding in sudden heat and passion, if they should believe from the evidence, beyond a reasonable doubt, that he shot and wounded John Flourney and John Cummings, or either of them. The effect of this instruction was to put the appellant upon trial for two separate and distinct offenses, and to authorize his conviction, if he should be found guilty of either, and the jury was not even required to designate which offense they should find he had committed.

The instruction should have followed the language of the indictment. Inasmuch as the commonwealth in effect charged that one shot had wounded both parties, it should have been required to prove the offense as laid.

For the error indicated the judgment is *reversed,* and the cause remanded for further proceedings not inconsistent with this opinion.

*A. Duvall, Milton & Stevenson, for appellant.*

*Moss, for appellee.*